EL PUEBLO, DEMANDANTE Y APELADO, *v.* WALSH, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en causa sobre infracción a la Ley de Pesas y Medidas.

No. 1396.—Resuelto en enero 27, 1920.

PESAS Y MEDIDAS — "ENVOLTURA" — VENTA DE JAMONES SIN PESO NETO ROTU-
LADO.—La envoltura con que generalmente el empacador embarca los jamo-
nes y los vende al detallista no constituye un "envase" dentro del signifi-
cado de la sección 17 de la Ley de Pesas y Medidas, por lo que no consti-
tuye delito público el vender jamones sin estar marcado en la envoltura de
los mismos el peso neto del contenido de cada uno.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Charles Hartzell* y *F. Ramírez de Arellano.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

Se acusó a William Walsh por un delito de infracción a la sección 17 de la Ley de Pesas y Medidas por la venta de una partida de unos 250 jamones, sin haber marcado en el exterior de los envases o envolturas de dichos jamones el peso neto del contenido de cada uno de ellos.

La corte declaró sin lugar una excepción perentoria formulada a la acusación por no aducir dicha acusación hechos suficientes para constituir un delito público y habiendo admitido el acusado los hechos imputados en la misma, fué declarado culpable y condenado a pagar una multa.

La sección 17 de la ley en cuestión prescribe: ''Que a partir del primero de febrero de 1914, todo artículo, efecto o mercancía que sea objeto de tráfico industrial o comercial en cajas, paquetes, atados o envases, llevará marcado claramente en la parte exterior de dichas cajas, paquetes, atados o envases, el peso neto o cantidad contenida en los mismos, y será ilegal vender cualquiera de esos artículos, artefactos o mercancías cuando no estuvieren marcados de ese modo.''

La cuestión a resolver es si las ''envolturas'' que menciona la acusación como sinónimas de ''envases'' están comprendidas en la prohibición fijada por el estatuto.

El apelante ha sometido a la consideración de esta corte la resolución del jefe de la oficina de química del Departamento de Agricultura de los Estados Unidos, que interpreta la Ley Federal de Alimentos y Drogas, las opiniones de los Fiscales Generales de algunos Estados y decisiones de varias cortes de Estado. Las opiniones administrativas se basan en manifestaciones hechas por cartas o alegatos preparados por los empacadores o sus abogados, y en los casos citados se presentó prueba para acreditar los métodos puestos en práctica y los fines que se persiguen al empaquetar carnes, así como ciertas costumbres del comercio.

Se alega en apoyo de la acusación que en el presente caso

no existe prueba que demuestre cuál es la clase de los "envases o envolturas" que aquí se discuten. Si el fiscal se hubiera limitado al texto de la ley sin agregar nada más, ésta alegación podría tener alguna fuerza.

Parece razonablemente claro que las palabras "o envolturas" fueron intercaladas después de la palabra "envases" con el fin de prever una posible incongruencia en la prueba. Habiéndose empleado en la acusación las palabras "envases o envolturas" en forma disyuntiva, no puede ahora ser oído el gobierno para insistir en el hecho de que el acusado debió haber probado en la corte inferior que los jamones se vendieron en "envolturas", como cosa distinta de "envases". Con esta objeción, que es puramente técnica, no se hace la más remota indicación de que las "envolturas" a que se refiere la acusación no son idénticas a las "envolturas" en aquellos casos en que se ha establecido una diferencia entre *envolturas y envases.* Dentro de las circunstancias de este caso estamos dispuestos a conceder al acusado el beneficio de la duda y asumir que el fiscal empleó este supuesto sinónimo a la luz de los casos ya resueltos en el sentido de que comprenden y determinan el carácter de las bien conocidas cubiertas reseñadas· en dichas decisiones y en cuyas envolturas por lo general se encuentran los jamones en poder del detallista.

En el caso de *State of New York* v. *Armour & Co.,* 162 N. Y. Supplement 621, la corte resolvió que "un envase es una envoltura", opinando que "lo que constituye la cubierta de la tocineta cae de lleno dentro de la definición de envoltura". Pero en el mismo párrafo, e inmediatamente antes de esta conclusión y como verdadera base de la misma, la sección 17–c del estatuto de New York de tal modo interpretada, ha sido copiada al pie de la letra, a saber:

"Un envase, según se usa en este artículo, de acuerdo con la sección 15 de la misma, incluye cualquier cartón, caja, jaula, barril * * * envoltorio o paquete."

Desde luego que si nuestra Legislatura hubiera hecho men-

ción específica de la palabra "envolturas" además de las pa-
labras "cajas, paquetes, atados o envases", enumeradas en
la ley mencionada, en primer término, el caso de New York,
en el cual tanto se ha insistido por el fiscal, merecería dete-
nida consideración.

En el caso de *Nebraska v. Swift & Co.*, 120 N. W. 1127,
frecuentemente citado en otras jurisdicciones, el tribunal se
expresó en los siguientes términos:

"Parece que la corte de distrito no encontrando ninguna con-
tradicción en la prueba, fué de opinión de que los jamones y toci-
neta envueltos en la forma que revela este caso no constituyen "pa-
quetes" dentro de la significación dada a esa palabra en el estatuto;
que el propósito de la ley indica que fué la intención aplicar la
palabra *paquete* a aquellos artículos de alimentación que se colocan
en tamaños o cantidades artificialmente determinados para que pase
cada uno sin pesarse o medirse como que contiene determinado peso
o cantidad; y que como el jamón y tocineta envueltos según apa-
rece en este caso son de tamaño natural más bien que artificial, va-
riando necesariamente en peso y cantidad y que nunca se venden
como si tuvieran un peso o cantidad fijos, no son paquetes dentro
de la significación del estatuto."

       *        *        *        *        *        *        *

"Debe admitirse que la palabra "paquete" por lo menos es un
término vago y sujeto a varias interpretaciones. Es bien sabido
que muchos artículos de alimentación se empaquetan, atan o colo-
can juntos, en tamaños determinados por el fabricante con el objeto
de que pasen en el comercio de mano en mano como si tuvieran un
peso determinado. Por ejemplo, la mantequilla colocada en forma
de adobe representa tener un peso de una libra cada uno; las fresas
empaquetadas en cajas se supone que contienen un litro cada caja;
el té y el café puestos en cajas de cartón que pasen como si tuvieran
el peso de una libra cada uno; y así sucesivamente con una gran
variedad de alimentos. Estos son extrictamente paquetes dentro del
significado de la ley. Se les empaqueta o coloca juntos, colecciona y
prepara en forma y tamaño conveniente para pasar en el comercio
de mano en mano. No sucede así con un jamón o un pedazo de
tocineta. Sus formas, tamaños y pesos quedan determinados por
procesos naturales, así como el tamaño, peso y condición del animal
que ha sido sacrificado; cosas que no están dentro del control del

empacador. No se reúnen o ponen juntos, ni se sabe que jamás hayan sido vendidos como si tuvieran un tamaño, cantidad o peso determinados. Por estas razones parece claro que la corte sentenciadora procedió correctamente al resolver que no fué la intención que el término ambiguo "paquete" se aplicara a un jamón o a un pedazo de tocineta, respecto a los cuales jamás ha existido ninguna costumbre de que pasen en el comercio como si tuvieran determinado peso o cantidad."

Basados en el mismo principio nos vemos obligados a resolver que la envoltura con que generalmente el empacador embarca los jamones y los vende al detallista no constituye un "envase" dentro del significado de la sección 17 de la Ley de Pesas y Medidas.

La sentencia apelada debe ser revocada.

*Revocada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.